HOWARD, Appellant, vs. RILEY, Respondent.

*October 4—November 8, 1950.*

For the appellant there were briefs by *Lepp & Phillips* of Kenosha, and oral argument by *David L. Phillips*.

For the respondent there was a brief by *Cavanagh, Mittelstaed, Sheldon & Heide* of Kenosha, and oral argument by *William A. Sheldon*.

MARTIN, J. The question on this appeal is whether the plaintiff, Eva Howard, and her husband, Gilbert C. Howard, were engaged in either a partnership or joint enterprise at the time of the accident. The facts are these:

The Howards were married to each other twenty-four years and had no children. Mr. Howard was employed as an electrician by the same employer for many years. They lived in a home on Highway 50 in Kenosha county, the title of which was in the name of both as joint tenants and was acquired by the earnings of Mr. Howard. The bank account was joint as between them and the earnings of Mr. Howard were deposited in this account and were subject to check by both husband and wife. The automobile operated by Mr. Howard was registered in his individual name and was acquired by him with his own earnings.

In September, 1947, Mr. Howard purchased a six-acre tract of land on Highway 41, about one-fourth mile south of Highway 50, for the purpose of constructing and operating a motel thereon known as the Seven Oaks Motel. The title to the motel property was taken in the name of husband and wife as joint tenants and the buildings constructed thereon and the furnishings were provided out of the earnings of Mr. Howard. The income from the motel was deposited in the joint bank account and the expenses of operation were paid out of said account. Gilbert Howard testified that his wife took care of the application to the state board of health for a permit for the operation of a motel, and that such permit might have been in his individual name. Eva Howard testi-

fied that she reported the income from the operations of the motel in her individual name.

Mrs. Howard did not drive a car. In going to and from the motel, and for other purposes, the car was generally driven by either her husband or her sister or some other relative. On the day in question Mrs. Howard came to the motel property in her husband's automobile which was operated by her sister; the husband came to the motel property in his employer's truck. The carpenters were engaged in some construction work on the property. Some question had arisen in the minds of Mr. and Mrs. Howard as to the appearance of a dormer which was about to be constructed by the carpenter-contractor. Mr. Howard suggested that they take a drive in his automobile in order to look at the dormer from the highway. All three entered Mr. Howard's Dodge automobile. Mr. Howard drove, the contractor sat alongside of him in the front seat, and Mrs. Howard sat alone in the rear seat. The dormer was on the south side of the building and the motel property was located on the east side of the highway. They proceeded west from the motel driveway, across the parkway separating the northbound and southbound lanes of Highway 41, and entered upon the southbound lanes of travel. They drove south to the Wilmot road or thereabouts and then crossed over the parkway and proceeded north for the purpose of viewing the construction.

After reaching the property there is a dispute in the testimony as to whether the vehicle at the time of the collision was just about stopped on the east shoulder or whether it had been turned to the left, had crossed the northbound lanes, and was either all or partly on the parkway and from there was rolled back or backed into the pathway of the defendant's automobile. There was evidence to the effect that there was talk of making a second trip around the same course for another view.

It is stated in 5 Am. Jur., Automobiles, p. 786, sec. 500:

"If two or more persons unite in the joint prosecution of a common purpose under such circumstances that each has authority, express or implied, to act for all in respect of the control of the means or agencies employed to execute such common purpose, the negligence of one in the management thereof will be imputed to the others. Accordingly, if an occupant of an automobile is engaged in a joint enterprise with the driver and is injured by reason of the concurrent negligence of the driver and a third person, the driver's contributory negligence will be imputed to such occupant and will bar a recovery by him against the third person."

The primary and only purpose of the trip was the inspection of the dormer under construction by the husband and wife as joint owners of the motel property.

Eva Howard testified that the income-tax return for the operation of the motel in 1948 was filed in her name. She alleged in both the complaint and amended complaint and verified as follows:

"That also as a result of said injuries sustained by her, *she was unable to continue the management, care, and supervision of her motel business* located on United States Highway 41 in Kenosha county, Wisconsin, so that the same has been closed ever since said accident." [Italics ours.]

It is immaterial that Mr. Howard purchased the property and paid for improvements with his own funds, because the evidence discloses that it was a joint enterprise. As stated by the trial court: "It would be material in an action for divorce between husband and wife as to whether joint property was acquired from the husband but as between husband and wife and third persons it would be immaterial as to who furnished the capital or upon what terms and conditions the enterprise became joint."

Plaintiff-appellant asserts that the automobile was paid for, owned, and controlled by Mr. Howard alone. In addi-

tion to the facts which we have related above, we quote Restatement, 2 Torts, p. 1275, sec. 491, comment *e:*

"When the journey on which the plaintiff and driver of the vehicle are participating is itself a part of a business enterprise in which the parties are mutually interested, the two are engaged in a joint enterprise. It is immaterial that the particular journey is a single transaction and is not a part of the general course of a business in which they are associated as partners or otherwise. It is also immaterial whether the car is owned or hired by the one or the other or by both jointly; the use of the car as a part of a common business enterprise makes each responsible for the manner in which it is operated both as defendant and plaintiff."

In view of the fact that under the undisputed facts and circumstances the husband and wife at the time in question were engaged in a joint enterprise and the negligence of Gilbert Howard is imputable to the plaintiff Eva Howard and bars a recovery against the defendant Phillip Riley, it would serve no purpose to discuss the issues in said defendant's motion for review.

*By the Court.*—Judgment affirmed.